UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAYLE MARSHALL,

    Plaintiff,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,

    Defendant.
                               /

Case No. 10-12344

Honorable Patrick J. Duggan

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 22, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

On May 11, 2010, Gayle Marshall filed this *pro se* action in Wayne County Circuit Court, alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and state foreclosure law. Plaintiff specifically alleges that she was not provided with required notices and disclosures when she obtained her mortgage loan. She also asserts that she was not given certain notices required by state foreclosure law. Plaintiff seeks rescission of the mortgage on her residence and damages in excess of $1,280,000.

On June 14, 2010, Defendant Mortgage Electronic Registration Systems removed the action to this Court pursuant to 28 U.S.C. § 1441. Presently before the Court is

Defendant's Motion for Summary Judgment and/or Dismissal of Plaintiff's Complaint. Defendant argues that Plaintiff's TILA claims are barred by the applicable statutes of limitations, while Plaintiff's RESPA and state foreclosure law counts should be dismissed for failure to state a claim for relief. Plaintiff has not responded, and the Court orders determination without hearing pursuant to E. D. Mich. LR 7(f)(2). For the reasons stated below, the Court grants Defendant's Motion to Dismiss.

## I. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must

accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553.

Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading . . . ." Fed. R. Civ. P. 56(e)(2). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Id.* at 255, 106 S. Ct. at 2513. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant." *Id.*, 106 S. Ct. at 2514.

## II. Discussion

Plaintiff alleges assorted violations of TILA, RESPA, and state foreclosure laws, but her claims are easily categorized based on the remedy sought. Counts two, three, five, six, seven, eight, nine, ten, and eleven seek damages under TILA for Defendant's failure to make adequate disclosures in connection with Plaintiff's mortgage loan. Count four seeks rescission of the mortgage transaction under TILA based on those inadequate disclosures. Count eleven requests damages under RESPA for failure to provide proper notices and disclosures. Counts one and twelve allege that Defendant lacks standing to foreclose, seeking to set aside any foreclosure sale. The Court will address each set of claims in turn.

**A. Plaintiff's TILA Claims for Damages**

TILA requires specific disclosures in closed-end lending transactions, including residential mortgage loans. *See* 15 U.S.C. §§ 1638-1639. The statute also grants the Board of Governors of the Federal Reserve System the authority to prescribe regulations carrying out the purposes of TILA. 15 U.S.C. § 1604(a). In response, the Federal Reserve Board has promulgated Regulation Z, 12 C.F.R. § 226.1 *et seq.*, to implement TILA. 12 C.F.R. § 226.1(a). Regulation Z sets forth detailed disclosure requirements, and its subpart C, 12 C.F.R. §§ 226.17-.24, addresses closed-end transactions in particular.

A creditor failing to comply with TILA and Regulation Z disclosure requirements is subject to liability in a private action. 15 U.S.C. § 1640(a). Plaintiffs filing suit under this provision must do so "within one year from the date of the occurrence of the violation." § 1640(e). Where a lender violates TILA and Regulation Z disclosure provisions, the violation occurs, at latest, "when the lender and borrower contract for the extension of credit." *Wachtel v. West*, 476 F.2d 1062, 1065 (6th Cir. 1973).

Plaintiff's seeks damages for the following TILA and Regulation Z violations: Missing disclosure statements under § 1639(a) (count two), missing disclosure statements under § 1638(a) and Regulation Z (count three), deceptive grouping under Regulation Z (count five), missing disclosures on certain statements under Regulation Z (counts six, seven, eight, and ten), and missing disclosure statements under Regulation Z (counts nine and eleven). Section 1640 imposes liability for these violations; therefore, the one-year statute of limitations applies. § 1640(e).

Defendant has produced loan documents stating that Plaintiff obtained her loan on January 9, 2007. Def.'s Mot. Ex. 1-2. The Complaint makes no contrary allegation, and

5

Plaintiff has not disputed this transaction date. Thus, any violations for failure to make disclosures in connection with this loan occurred on January 9, 2007. The limitations period expired one year later, in January 2008. Plaintiff filed this action on May 11, 2010, over two years after the statute of limitations barred her claims. Although the Sixth Circuit has held that the statute of limitations for TILA claims is subject to equitable tolling, *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1041 (6th Cir. 1984), Plaintiff has failed to allege any facts to support equitable tolling. Therefore, Plaintiff's counts seeking damages under TILA and Regulation Z must be dismissed for failure to state claims upon which relief may be granted.

**B. Plaintiff's Rescission Claim**

TILA and Regulation Z allow debtors to rescind certain transactions within three business days after consummation of the transaction or delivery of specific disclosures, whichever is later. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3). This right, however, can be exercised no more than three years after the transaction is consummated, regardless of whether disclosures were delivered. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). Count four of Plaintiff's Complaint seeks rescission of the mortgage transaction under Regulation Z. Because the loan transaction occurred on January 9, 2007, the statute of limitations expired three years later, in January 2010. Plaintiff filed this action in May 2010, after the limitations period had already expired. Because Plaintiff has failed to allege facts in support of equitable tolling, her rescission count must be dismissed for failure to state a claim upon which relief may be granted.

**C. Plaintiff's RESPA Claim**

Plaintiff's count eleven seeks damages under RESPA for Defendant's failure to give proper notice of default and right to cure. Compl. ¶ 66. The Court is unaware of any provision in the statute defining such a claim, and Plaintiff points to no particular provision upon which her claim is based. The Court construes *pro se* complaints liberally, *Kent v. Johnson*, 821 F.2d 1220, 1223 (6th Cir. 1987), but cannot conjure a claim where none appears to exist. Absent any supporting legal authority, Plaintiff's RESPA count must be dismissed, as it fails to state a claim for relief.

**D. Plaintiff's State Foreclosure Law Claims**

Plaintiff's first count alleges that Defendant lacks standing to foreclose. Compl. ¶ 27. Defendant concedes this, but points out that it has taken no steps to foreclose the mortgage. Def.'s Br. 12. Defendant has produced evidence demonstrating that Wells Fargo Bank, NA, the mortgage assignee, is the foreclosing party. *See* Def.'s Mot. Ex. 4-6. Plaintiff has failed to challenge this evidence, and her Complaint does not allege that Defendant has foreclosed. The Court concludes that there is no genuine issue of material fact here. Defendant has not sought and does not seek foreclosure. Plaintiff's claim lacks merit, and must be dismissed.

Plaintiff's count twelve suffers from the same deficiency, alleging that Defendant failed to post notice of default or foreclosure on the mortgaged premises. Compl. ¶ 70. Defendant established that it has not sought foreclosure, and the Court therefore concludes that Plaintiff has no plausible foreclosure law claim against Defendant.

### III. Conclusion

The applicable statute of limitations bars Plaintiff's TILA and Regulation Z claims.

She has also failed to state plausible claims for relief under either RESPA or state foreclosure law. The Court concludes that Plaintiff's claims must be dismissed.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Gayle Marshall
8887 Knottingham Drive
Ypsilanti, MI 48197

Matthew Boettcher, Esq.